HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. SILAS W. PORTER,
HON. JUDSON S. WEST,     } JUSTICES.
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,

No. 20,969.

GEORGE B. MURRAY, *Appellee,* v. CHARLES MURRAY et al.,
(FLORENCE DEMING et al., *Appellants*).

### SYLLABUS BY THE COURT.

1. PARTITION—*Deed by Wife—Husband's Interest in Deceased Wife's Land.* A wife while living with her husband in this state deeded to her children certain land owned by her, the husband not joining. Shortly thereafter the wife died, and fourteen years later the surviving husband brought this action for partition, the land not having been the homestead of either, nor judicially sold, nor necessary for the payment of debts. No application was made by the husband to the probate court for allotment. *Held,* that he is entitled to maintain the action (Gen. Stat. 1915, §§ 3831, 3850.)

2. SAME. The plaintiff's allegation, that the wife was unduly influenced to make the deed, is immaterial, as she could not, whether unduly influenced or not, convey his interest in the land without his consent.

3. SAME — *Husband's Interest in Deceased Wife's Land — Allotment by Probate Court.* By virtue of sections 3831 and 3834 of the General Statutes of 1915 one-half in value of such land vested in the husband in fee simple upon the death of the wife, the allotment provided for in such sections being for the ascertainment merely and not for the vesting of such title.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed January 12, 1918. Affirmed.

*C. C. Perdieu,* and *John Hartzler,* both of Goodland, for the appellants.

*E. F. Murphy,* of Goodland, for the appellee.

The opinion of the court was delivered by

WEST, J.: This case involves a husband's rights in land of his deceased wife, attempted to be conveyed by her alone during their marriage. The court held it subject to partition at the suit of the surviving husband, and the defendants appeal.

In 1906 Sarah Murray owned the land in controversy and made a conveyance thereof without joining her husband, with whom she then lived in Sherman county. She died there intestate during the same year and an administrator of her estate was appointed. In 1914 this action was begun. It is argued that it is barred by the two-year statute of limitations if the deed by the wife was procured by fraud, and by the five-year statute because within that period no application was made to the probate court to allot to the husband his share of the land. But the main defense is that the wife owned the land in her own right, and as it was not the homestead of herself or husband she could convey it without his joining in the deed.

Section 6 of article 15 of the constitution of this state directs the legislature to provide for the protection of the rights of women in acquiring and possessing property separate and apart from the husband. The descents and distributions act (Gen. Stat. 1915, § 3831) provides that one-half in value of all the real estate in which the husband at any time during the marriage had an interest, which has not been sold on execution or other judicial sale and is not necessary for the payment of debts, and of which the wife has made no conveyance, shall, under the direction of the probate court, be set apart by the executors as her property in fee simple upon the death of the husband, if she survive him. Section 3833 of the General Statutes of 1915 provides that such allotment may be made by the commissioners within five years after the death of the husband. Section 3850 is as follows:

"All the provisions hereinbefore made in relation to the widow of a deceased husband shall be applicable to the husband of a deceased wife. Each is entitled to the same rights or portion in the estate of the other, and like interests shall in the same manner descend to their respective heirs. The estates of dower and by courtesy are abolished."

It has been difficult to find a name for the interest the wife has in her husband's real estate apart from the homestead. In

*Busenbark v. Busenbark,* 33 Kan. 572, 7 Pac. 245, it was said that it is inchoate and uncertain, but possesses the element of property to such a degree that she could maintain an action during the life of her husband to prevent its wrongful aliena-- tion. In *Munger v. Baldridge,* 41 Kan. 236, 243, this interest was said to be a contingent one, but unquestionably property. In *Buffington v. Grosvenor,* 46 Kan. 730, 27 Pac. 137, it was spoken of, not as an estate, but as a mere possibility depending upon the death of the husband, or whether he had divested himself of the title prior to his death. In his brief in the case of *Jenkins v. Dewey,* 49 Kan. 49, 30 Pac. 114, the late Mr. Ware suggested as a proper name the "Kansas Marriage Right." In *Nagle v. Tieperman,* 74 Kan. 32, 85 Pac. 941, the interest was declared (page 41) to be quite analogous to that of an heir. It was said (page 43) that section 3831 at most creates an interest in the husband's real estate which attaches, not during his lifetime, but upon his death. In a dissenting opinion, Mr. Justice Greene discussed the nature of this interest and insisted that it is a present property interest, not an estate which ripens into an estate only upon the husband's death. The same Justice in writing the opinion in *McKelvey v. McKelvey,* 75 Kan. 325, 89 Pac. 663, wrote in paragraph two of the syllabus, thus:

"The interest given by statute to a wife in the real estate of her deceased husband is not an inheritance, . . ."

In the opinion it was said:

"The interest which the statute gives to the wife in the real estate of her husband during his life is not easily classified or defined. Because of this difficulty it has been thought by some to be in its nature an inheritance, and such a suggestion may be found in some of the opinions of this court. But practically the entire trend of the decisions of this court is to treat it as a present existing interest—one which the wife may protect by an appropriate action during the life of the husband and against his wrongful acts. (Citing authorities.) The wife's interest does not depend for its inception upon the death of the husband, as an inheritance would, but springs into existence by operation of law upon a concurrence of seizin and the marriage relation." (p. 329.)

Speaking of the provisions of section 3831, touching the setting apart by the probate court, this language was used:

"And the only control exercised by the probate court or the executor or administrator over the wife's interest in the real estate owned by her husband at the time of his death is to ascertain its value and set it apart

Murray v. Murray.

to the widow—not as an heir of her deceased husband, but as her separate and absolute property in fee simple. And since this interest does not come to her by inheritance it is not a bar to her recovery that her husband parted with his title in such a fraudulent manner that neither he nor his heirs can recover it." (p. 329.)

But it is argued by counsel for the defendants with much plausibility and consistency that because section 6160 provides that the property which a woman owns at the time of her marriage, or which shall come to her by descent, devise, or bequest, or the gift of any person except her husband, "shall remain her sole and separate property, notwithstanding her marriage, and not be subject to the disposal of her husband or liable for his debts," and because section 6161 provides that she may, during marriage, convey her real property in the same manner and to the same extent as a married man may, the intention of the legislature was to enable the wife to dispose of her real estate by deed, in which instrument it was not intended to be necessary for the husband to join. Their brief says:

"We believe that it was the intention of the makers of our constitution that the wife's separate property should be absolutely under her control to do with as she pleased."

But this theory, pursuasive as it may be, ignores the requirement of section 3831 to set apart the undisposed-of property to the survivor in fee simple. While it is true that no express language is found in the statute that this shall be inherited by or become the property of such survivor, still the only possible effect to be given to the language used is that whatever portion of the land the survivor may rightfully be allotted comes to him as a fee-simple owner, the allotment manifestly being for the mere ascertainment of its identity and not as a source of title. The title does not come because the allotment is made, but the allotment is made because the title has come. There is nothing in section 6160 or 6161 that really goes counter to this provision, and giving all the various sections relating to the matter their proper significance, it must be held, in accordance with the former rulings in the cases already mentioned, that the plaintiff is entitled to maintain his action to have partitioned to him his part of the land formerly owned by his deceased wife, in the conveyance of which he did not join.

While he alleges in his petition that she was unduly influenced to make the deed, that is not material, for she could not

by such conveyance, whether unduly influenced or not, deprive her surviving husband of his fee-simple interest in the land in question.

It follows, therefore, that the judgment must be affirmed.