No. 21,730.

WILLIAM MESSENHEIMER, *Appellant*, v. THE FRATERNAL AID UNION, *Appellee.*

SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE — *Provision in Certificate for Payments to Member on Reaching a Certain Age Void.* An incorporated mutual benefit society which under its charter has no power to obligate itself to pay a certain sum to its members on their reaching seventy years of age, cannot accomplish the same result by the device of issuing a certificate promising to pay that amount to a member in case of his total disability, and adopting a by-law providing that members on reaching that age shall be considered totally disabled.

2. SAME—*Power of Benefit Society to Change its By-laws.* Where a certificate issued by a mutual benefit association includes a provision that it is liable to forfeiture if the member shall not comply with "such by-laws as are or may be adopted," and the application for membership includes an agreement that the certificate shall be void if the member shall fail to comply with the laws of the association then in force or thereafter adopted, the association has the same power to change its rules as is conferred by the ordinary agreement of the applicant to be bound by subsequently adopted regulations.

3. SAME—*Statutory Provisions—Give No Authority to Make Payments on Member Reaching Certain Age.* A statute empowering certain associations "to make insurance on the lives of individuals, and against personal injury, disablement or death resulting from injury," and forbidding them "to contract the payment of endowments, annuities, or anything of value to the member himself, except for injury or disablement," does not authorize them to undertake to make payments because of the insured having reached a certain age.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed October 12, 1918. Affirmed.

*A. C. Wilson,* and *F. B. Dodds,* both of Lawrence, for the appellant.

*S. D. Bishop,* of Lawrence, for the appellee.

The opinion of the court was delivered by

MASON, J.: On February 26, 1897, William Messenheimer became a member of the Fraternal Aid Association, a beneficiary society incorporated under the laws of Kansas, receiving a certificate which provided for the payment of $1,000 to

his wife in the event of his death, and for the payment of one-half that amount to himself in case of his total and permanent disability. Among the by-laws of the association at that time was one reading:

"All members arriving at the age of seventy years, who are in good standing in the Beneficiary Department, shall be, considered totally disabled."

A similar corporation, the Fraternal Aid Union, has since succeeded to the rights and obligations of the organization first mentioned. Having attained the age of seventy, Messenheimer brought an action against the present society asking for the payment to him of five hundred dollars. A demurrer to a petition alleging these facts was sustained, and he appeals.

1. The petition does not set out the purposes of the original corporation as stated in its charter. In an action against it which reached this court (*Kirk v. Aid Association*, 95 Kan. 707, 149 Pac. 400) the record contained a statement of them in these words:

" '1. To promote fraternal regard among all white persons of sound bodily health and good moral character, who are socially acceptable and between the ages of eighteen and fifty-five years. 2. To bestow substantial aid upon totally disabled members, and the widows, orphans, heirs and devisees of deceased members. 3. To care for sick and distressed members. 4. To provide for weekly indemnity for members disabled by accident and provide for substantial benefits for widows, orphans, heirs and devisees of members whose deaths result from accidental causes.' " (p. 709.)

We are probably justified in assuming that this statement is correct, inasmuch as that case has been discussed in the briefs and arguments in the present case, and no suggestion to the contrary has been made. Moreover, there is no allegation in the petition that would warrant attributing to the corporation any broader powers than those enumerated. Upon that assumption, the case referred to determines that at the time the plaintiff became a member of the association it had no authority to undertake to issue a certificate providing for the payment of a specified sum to the holder upon his reaching the age of seventy years. In the present instance the certificate did not in terms provide for the payment of $500 to the plaintiff when he reached that age, but the association undertook to accomplish the same result by agreeing to pay him that sum in the

event of his total and permanent disability, a by-law then in existence declaring that all members in good standing should be considered totally disabled on becoming that old. We think there is no substantial difference in this regard between the Kirk case and the present one. Since the corporation was without power to contract directly to make payments to members at a certain age, irrespective of their actual bodily condition, it could not accomplish the same purpose by indirection through the device of a by-law providing that members should be deemed to be disabled at that age. These considerations require the affirmance of the judgment.

2. Since 1898 the statute has specifically defined the powers of a fraternal beneficiary association (Gen. Stat. 1915, §§ 5401, 5402), and the definition does not include that of making payments to its members on their reaching a certain age. (*Kirk v. Aid Association,* supra.) While it is not so stated in the petition, it is admitted in the plaintiff's brief that after the passage of the act referred to the by-laws of the association were amended to conform to it. The plaintiff contends, however, that it was beyond the power of the legislature or of the association to deprive him of the benefits of the contract as originally made. The certificate provided that it was liable to forfeiture if the plaintiff should not comply with "such by-laws as are or may be adopted by the general council." Moreover, the plaintiff's application for membership included an agreement in these words: "I further agree . . . if I should fail to comply with or conform to any and all of the laws of said Fraternal Aid Association now in force or hereafter adopted that said benefit certificate shall be void." We regard these provisions as the substantial equivalent of the clauses by which the member of a mutual benefit society agrees to be bound by by-laws subsequently made, and therefore as authorizing the change referred to. It follows that, even if the association had had the power to obligate itself to pay the plaintiff $500 whenever he should reach the age of seventy (and we hold that it had not), it could, under its reserved authority to alter its by-laws, change the benefits to accrue under the certificate so as to make them conform to its charter and the laws of the state. (*Kirk v. Aid Association,* supra.)

3. The plaintiff suggests that the association was empow-

ered to make the contract referred to by two sections of the statute in relation to mutual life insurance associations, enacted in 1885. (Gen. Stat. 1915, §§ 5264, 5265.) These sections authorize such associations "to make insurance on the lives of individuals, and against personal injury, disablement or death resulting from injury," and forbid them "to contract the payment of endowments, annuities, or anything of value to the member himself, except for injury or disablement." We do not regard them as countenancing agreements to make payments because of the insured having reached a certain age.

The judgment is affirmed.