No. 23,702.

THE COURT OF INDUSTRIAL RELATIONS, *Plaintiff*, v. THE CHARLES
WOLFF PACKING COMPANY, *Defendant.*

SYLLABUS BY THE COURT.

1. JUDGMENT PURSUANT TO MANDATE OF SUPREME COURT OF UNITED STATES—*Jurisdiction of this Court to Hear Motion for Rehearing and Modification of Such Judgment.* This court has jurisdiction under its rules to hear a motion for rehearing or modification of judgment, if filed within proper time, notwithstanding a writ of error to the supreme court of the United States has been allowed and citation served.

2. SAME—*The Supreme Court of Kansas Governed by the Decision of the Supreme Court of the United States.* The supreme court of this state is controlled by the decision of the supreme court of the United States declaring invalid all that part of chapter 29 of the Laws of 1920 which confers on the court of industrial relations the power to fix wages, but the order of that court fixing wages for overtime at time and one-half concerns working conditions and is legal.

3. SAME—*Order No Violation of Constitution.* Such an order of the court of industrial relations does not violate section 6 of article 6 of the constitution of this state.

Original proceedings in mandamus. Opinion on rehearing filed November 10, 1923. Modification of judgment allowed. (For former opinions see 111 Kan. 501, 207 Pac. 606, *ante,* p. 304, 219 Pac. 259.

*Charles B. Griffith,* attorney-general, *John G. Egan,* assistant attorney-general, *Baxter D. McClain,* and *Randal C. Harvey,* both of Topeka, for the plaintiff; *Chester I. Long,* and *Austin M. Cowan,* both of Wichita, of counsel.

*D. R. Hite, John S. Dean,* and *Harry W. Colmery,* all of Topeka, for the defendant.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff moves "for a rehearing and for a modification of the judgment entered upon the motion of the plaintiff to spread the mandate from the supreme court of the United States and to modify judgment, and on the motion of the defendant to spread the mandate of the supreme court of the United States · upon the record and to enter judgment pursuant thereto."

We quote from the motion as follows:

"This court, in its judgment upon said motions, ordered that a peremptory writ of mandamus issue, commanding the defendant to put into effect the following parts of the order of the court of industrial relations of the state of Kansas, to wit:

" '3. A basic working day of eight hours shall be observed in this industry; but a nine-hour day may be observed not to exceed two days in any one week without penalty.

" '14. Workers paid by the week or day, if employed within the plant and not within the office or sales department, shall be subject to hours of work . . . as others employed.

" '19. In departments operating twenty-four hours a day and seven days a week, each employee therein shall be entitled to one day off each week.

" 'This order shall . . . continue in force until changed by the court (the court of industrial relations) or changed by agreement of the parties with the approval of the court (the court of industrial relations).'

"Said order and judgment of this Court omits from the order of the court of industrial relations of the State of Kansas, made on May 2, 1921, the following portions:

"From the finding No. 3 thereof: 'providing, however, that if the working hours of the week shall exceed forty-eight in number, all over forty-eight shall be paid for at the rate of time and one-half; furthermore, in case a day in excess of the eight hour day shall be observed more than two days in one week, all over eight hours, except for said two days in said week, shall be paid for at the rate of time and one-half, even though the working hours of the week may be forty-eight hours or fewer.'

"And from the finding No. 14 thereof, the words, 'and overtime,' and the words, 'under the terms of finding No. Three hereof.'

"And from the finding No. 19 thereof, 'in other departments, work performed on Sundays and legal holidays shall be paid for at the rate of time and one-half.' "

1. The defendant objects to the jurisdiction of this court to hear the motion and bases its objection on the following facts: On October 11, 1923, a writ of error to the supreme court of the United States was allowed by the chief justice of this court, and on October 12, 1923, citation signed by the chief justice was served on counsel

of record for the plaintiff. The defendant contends that by virtue of those proceedings, this cause was removed from this court, and, since October 12, 1923, has been pending in the United States supreme court. The opinion and order of this court directing the mandate of the supreme court of the United States to be spread of record and entering judgment in obedience to that mandate was filed on October 6, 1923; the motion of the plaintiff for rehearing and modification of the judgment was filed October 22, 1923. Under the rules of this court, motions for rehearing or for modification of judgment may be filed within twenty days after the decision. The motion of the plaintiff was filed within that time. Such a motion challenges the attention of the court to any mistakes that may have been made by the court, and gives an opportunity to correct those mistakes. Jurisdiction to correct mistakes is not lost by a writ of error to the supreme court of the United States taken before the motion for rehearing or modification has been filed.

2. On receiving the mandate of the supreme court of the United States, this court construed the opinion of that court as declaring invalid all that part of chapter 29 of the Laws of 1920 which attempts to give the court of industrial relations power to fix wages. The industrial court law gives to the court of industrial relations power to prescribe working conditions and hours of labor and authorizes the court to compel compliance with the order by increasing the compensation to be paid workmen who must work under conditions more unfavorable or work longer hours than those prescribed.

Section 8 of chapter 29 of the Laws of 1920, in part reads:

"The court of industrial relations shall order such changes, if any, as are necessary to be made in and about the conduct of said industry, employment utility or common carrier, in the matters of working and living conditions, hours of labor, rules and practices, and a reasonable minimum wage, or standard of wages, to conform to the findings of the court in such matters, as provided in this act, and such orders shall be served at the same time and in the same manner as provided for the service of the court's findings in this act. . . . "

We quote from *Bunting v. Oregon,* 243 U. S. 426, 436, as follows:

"There is a certain verbal plausibility in the contention that it was intended to permit 13 hours' work if there be 15½ hours' pay, but the plausibility disappears upon reflection. The provision for overtime is permissive, in the same sense that any penalty may be said to be permissive. Its purpose is to deter by its burden and its adequacy for this was a matter of legislative judgment under the particular circumstances. It may not achieve its end, but its insufficiency cannot change its character from penalty to permission. Besides, it

is to be borne in mind that the legislature was dealing with a matter in which many elements were to be considered. It might not have been possible, it might not have been wise, to make a rigid prohibition. We can easily realize that the legislature deemed it sufficient for its policy to give to the law an adaptation to occasions different from special cases of emergency for which it provided, occasions not of such imperative necessity, and yet which should have some accommodation—abuses prevented by the requirement of higher wages. Or even a broader contention might be made that the legislature considered it a proper policy to meet the conditions long existent by a tentative restraint of conduct rather than by an absolute restraint, and achieve its purpose through the interest of those affected rather than by the positive fiat of the law.

"We cannot know all of the conditions that impelled the law or its particular form. The Supreme Court, nearer to them, describes the law as follows: 'It is clear that the intent of the law is to make 10 hours a regular day's labor in the occupations to which reference is made. Apparently the provisions for permitting labor for the overtime on express conditions were made in order to facilitate the enforcement of the law, and in the nature of a mild penalty for employing one not more than three hours overtime. It might be regarded as more difficult to detect violations of the law by an employment for a shorter time than for a longer time. This penalty also goes to the employee in case the employer avails himself of the overtime clause.' "

The order for time and a half pay for overtime work is not an order fixing wages. The order of the court of industrial relations fixes eight hours for a day's work, but recognizes that at the same time it may become necessary to work more than eight hours in any one day, and, to discourage such practice and to enforce the order for eight hours, imposes a penalty to be paid to the workman for the overtime work.

3. The defendant urges that if time and one-half pay for overtime work is a penalty, it violates section 6 of article 6 of the constitution of this state, which in part reads:

". . . The proceeds of fines for any breach of the penal laws, shall be exclusively applied in the several counties in which the money is paid or fines collected, to the support of common schools."

Section 8618 of the General Statutes of 1915 prescribes the rates that shall be charged by railroads for carrying certain articles. Section 8619 provides that any common carrier that shall demand, exact or receive, for carrying any of the articles named, a sum in excess of that named in the statute shall be liable to any person injured in the sum of $500 as liquidated damages. That was held not to be a penalty within the meaning of the constitution. (*Tucker v. Railway Co.*, 82 Kan. 222, 224, 108 Pac. 89.).

Court of Industrial Relations v. Packing Co.

Section 3410 of the General Statutes of 1915 makes it a felony for a man to desert, neglect or refuse to provide for the support of his wife in destitute or necessitous circumstances. Section 3412 of the General Statutes of 1915 reads:

"At any time before the trial, upon petition of the complainant and upon notice to the defendant, the court, or a judge thereof in vacation, may enter such temporary order as may seem just, providing for support of the deserted wife or children, or both, *pendente lite,* and may punish for violation of such order as for contempt."

In *The State v. Gillmore,* 88 Kan. 835, 839, 129 Pac. 1123, this court said:

"The fact that the court is authorized instead of putting the sentence into execution at once to parole and recognize the defendant on condition that he provide periodical support for his wife does not render the act void for diversion of a fine from the direction required by section 6 of article 6 of the constitution, which requires the proceeds of fines for the breach of any penal laws to be applied exclusively to the support of common schools. The payment required under this sort of order is the payment of a sum found by the court to be reasonable for the support of a wife by virtue of which payment the defendant escapes the penalty of the law, and it can by no process of reasoning be rightfully considered a fine."

It has been held that the penalty imposed for violating an injunction prohibiting one from allowing water to overflow from his premises to that of another is not a penalty under the constitutional provision. (*Holloway v. Water Co.,* 100 Kan. 414, 167 Pac. 265.)

Section 3856 of the General Statutes of 1915 reads:

"Any person who shall hereafter be convicted of killing or of conspiring with another to kill, or of procuring to be killed, any other person from whom such person so killing or conspiring to kill or procuring said killing would inherit the property, real, personal, or mixed, or any part thereof, belonging to such deceased person at the time of death, or who would take said property by deed, will or otherwise, at the death of the deceased, shall be denied all right, interest and estate in or to said property or any part thereof, and the same shall descend and be distributed to such other person or persons as may be entitled thereto by the laws of descent and distribution, as if the person so convicted were dead."

It has been held that this statute is not penal and that it does not work a forfeiture. (*Hamblin v. Marchant,* 103 Kan. 508, 175 Pac. 679; *Hamblin v. Marchant,* 104 Kan. 689, 692, 180 Pac. 811.)

The motion of the plaintiff to modify the judgment of this court rendered when the mandate of the supreme court of the United States was ordered recorded is allowed.

It is by the court ordered that a peremptory writ of mandamus do

issue commanding the defendant to put into effect the following parts of the order of the court of industrial relations:

"3. A basic working day of eight hours shall be observed in this industry; but a nine-hour day may be observed not to exceed two days in any one week without penalty: *Provided, however,* That if the working hours of the week shall exceed forty-eight in number, all over forty-eight shall be paid for at the rate of time and one-half; furthermore, in case a day in excess of the eight-hour day shall be observed more than two days in any one week, all over eight hours, except for said two days in said week, shall be paid for at the rate of time and one-half, even though the working hours of the week may be forty-eight hours or fewer."

"14. Workers paid by the week or day, if employed within the plant and not within the office or sales department, shall be subject to hours of work and overtime as other employees under the terms of finding No. 3 hereof."

"19. In departments operating twenty-four hours a day and seven days a week, each employee therein shall be entitled to one day off each week. In other departments work performed on Sunday and legal holidays shall be paid for at the rate of time and one-half.

"This order shall . . . continue in force until changed by the Court [the court of industrial relations] or changed by agreement of the parties with the approval of the court [the court of industrial relations]."

BURCH, J., adheres to the views formerly expressed by him in *Court of Industrial Relations v. Packing Co.,* 111 Kan. 501, 519, 207 Pac. 606.

HARVEY, J. (dissenting in part): A proper interpretation of the decision of the supreme court in this case requires that the former judgment of this court be reversed in its entirety. In any event, the order that payment of wages shall be made at the rate of time and a half for overtime is one respecting wages, and cannot be made in conformity with the opinion of the supreme court.