Hazelbaker v. Reber.

---

No. 27,214.

MARY HAZELBAKER, *Appellant*, v. INA REBER, CORNELIUS REYNOLDS et al., *Appellees*.

SYLLABUS BY THE COURT.

PARTITION—*Necessary Parties Defendant.* The spouses of living tenants in common of real property are not necessary parties in proceedings to subject the property to partition.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed March 12, 1927. Reversed.

*John A. Hall,* of Pleasanton, for the appellant.
*C. A. Smart,* of Lawrence, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This appeal presents the question whether the spouses of tenants in common of real property are necessary parties in an action to partition it.

It appears that the parties to this proceeding are Mary Hazelbaker, Ina Reber, Cornelius Reynolds and George W. Reynolds, and that they are tenants in common of a tract of land in Linn county. It does not appear (and it is immaterial) whether their common ownership and title vested by deed or by inheritance. Mary and Ina are married women and their husbands are living. Mary, as plaintiff, brought the action in partition against Cornelius, George and Ina as defendants. She did not join her own husband and the husband of Ina as parties to the action. In Ina's answer she pleaded—

Curtesy, 17 C. J. pp. 414 n. 29, 415 n. 33. Dower, 19 C. J. p. 459 n. 17, 18. Judicial Sales, 35 C. J. p. 8 n. 19. Partition, 30 Cyc. pp. 202 n. 71, 208 n. 28; 20 R. C. L. 759.

Hazelbaker v. Reber.

"Third: This answering defendant respectfully calls the attention of the court to the fact that this answering defendant and the plaintiff are married women having husbands residing in Kansas, and suggests the propriety of having said husbands made parties to this action in order that the rights of all interested parties may be finally adjudicated and that the purchaser, if any, at any sale made of the property should receive a perfect title."

Plaintiff filed a motion to strike the quoted paragraph from the answer. This was considered and dealt with as a demurrer and overruled. Hence this appeal.

In this state dower and curtesy are abolished. (R. S. 22-127.) In lieu thereof a spouse who has resided in Kansas at any time during the existence of the marriage relation has a peculiar statutory interest in the real property owned by husband or wife, dependent upon the spouse's outliving such husband or wife, and subject to defeasance by execution or other judicial sale. The statute reads:

"22-108. One-half in value of all the real estate in which the husband, at any time during the marriage, had a legal or equitable interest, which has not been sold on execution or other judicial sale, and not necessary for the payment of debts, and of which the wife has made no conveyance, shall, under the direction of the probate court, be set apart by the executors or administrators as her property, in fee simple, upon the death of the husband, if she survives him: *Provided,* That the wife shall not be entitled to any interest, under the provisions of this section, in any land to which the husband has made a conveyance, when the wife, at the time of the conveyance, is not and never has been a resident of this state. . . ."

The rights of husband and wife are alike in each other's property. (R. S. 22-127; *Newby v. Anderson,* 106 Kan. 477, 188 Pac. 438.) And see discussions of this subject: *Busenbark v. Busenbark,* 33 Kan. 572, 7 Pac. 245; *Flanigan v. Waters,* 57 Kan. 18, 45 Pac. 56; *Putnam v. Putnam,* 104 Kan. 47, 55, 177 Pac. 838, and citations; *Hamblin v. Marchant,* 103 Kan. 508, 175 Pac. 678; id. 104 Kan. 689, 180 Pac. 811; *Pfleiderer v. Brooks,* 122 Kan. 647, 253 Pac. 549.

The partition of real property among its cotenants or those having legal or equitable rights therein is regulated by statute. Proceedings in partition are required to be undertaken under judicial supervision (R. S. 60-2101 *et seq.*), whether mere severance of the various interests therein is to be effected by allotment in severalty (R. S. 60-2109), or by sale to one party decreed to have an ascertained interest therein electing to take the property at the appraised valuation (R. S. 60-2105, 60-2110), or to the highest bidder (R. S. 60-2111; 60-3401 *et seq.*), subject to approval by the court and

Hazelbaker v. Reber.

equitable division of the net proceeds among the several parties
entitled thereto (R. S. 60-2112, 60-2114). While proceedings in
partition are specifically dictated by statute, their attributes are
essentially judicial in character, and the disposition of property by
partition falls fairly within the statutory phraseology "execution or
other judicial sale." (35 C. J. 8.)

The court is familiar with the well-known practice in actions in
partition of joining as parties the spouses of all persons having a
legal or equitable interest in the property to be partitioned. (30
Cyc. 202.) But that practice is merely the precautionary one of
lawyers who follow the rough-and-ready rule, "When in doubt, sue
everybody." The court, however, must meet the question of law
point blank and determine it. Curiously enough, it is a question
which has not hitherto required this court's critical attention. If we
look into the textbooks and cyclopedias which treat of common-law
rights of dower and curtesy, we find the prevailing view to have
been that the spouse of a living person having a legal or equitable
interest in property being subject to partition was not a necessary
party. (20 R. C. L. 759; 1 Washburn on Real Property, 6th ed.,
172, 173; Freeman on Cotenancy and Partition, §§ 411, 472, and
also § 474, where excerpts from the divergent views of early Ohio
and Michigan cases are included.)

It would not be profitable to push too far whatever analogy there
may be between the common-law right of dower *initiate* or curtesy
*initiate* and the Kansas statutory right (*inchoate*) of one spouse in
the real property of the other spouse. The statutory right does
not exist if the property is necessary for the payment of debts, or
if sold on execution or other judicial sale. Although the right has
its incipiency in the marriage relation and is one which on proper
occasion the courts will protect (*Ogg v. Ogg*, 122 Kan. 244, 248, 252
Pac. 205), yet it is one which is completely extinguished by the death
of the spouse before the death of the husband or wife in whom the
property was vested. It is also subject to substitution or extinction
by partition, because the inchoate right of the spouse is dependent
upon the seisin of the husband or wife, and that right is always sub-
ordinate to the right of other cotenants to subject the property to
partition. Liability to partition is one of the ordinary incidents
which attach to property held in common; and when the law steps
in and severs and apportions the property in severalty or the pro-

ceeds in money if division by allotment is not practicable, the inchoate right of the spouse is necessarily extinguished.

In *Holley v. Glover*, 36 S. C. 404, 31 A. S. R. 883, 16 L. R. A. 776, it was held that the wife was not a necessary party to an action in partition. The court said:

"We are of the opinion that while the wife of one of several tenants in common has an inchoate right of dower in her husband's portion of the real estate held in common, yet such right is subordinate to the paramount right of the other tenants in common to have partition of the common property in any of the modes by which such partition may be lawfully made. Hence if a sale for partition becomes necessary, the wife's inchoate right of dower in the land is barred, even though she is not a party to the proceedings for partition; and the purchaser at such sale takes his title disencumbered of such subordinate right of dower. . . . The reason of this rule is this: The right of the other cotenants to demand partition being paramount to the inchoate right of dower in the wife of any one of the cotenants, whenever the paramount right is exercised, the subordinate right cannot properly be allowed to interfere with or abridge the full enjoyment of the paramount right. Inasmuch as the inchoate right of dower springs out of and is necessarily dependent upon the concurrence of marriage and seisin of the husband during coverture, it must necessarily depend upon and be qualified by the nature of such seisin. . . . and where, as in this case, the husband's seisin was qualified by and subject to the paramount right of the other cotenants to demand partition, the plaintiff's inchoate right of dower, growing out of and dependent upon such seisin, was subject to the same qualification. When, therefore, the seisin of the husband was divested by the exercise of the paramount right of the other cotenants to demand partition, the inchoate right of dower was likewise destroyed, so far, at least, as the land was concerned, and the plaintiff was no more a necessary party for that purpose than is a judgment creditor of one of several tenants in common in case of a sale of the common property for partition." (pp. 415, 417.)

Another instructive case to the same effect, and one in which the leading authorities are noted and discussed, was *Haggerty v. Wagner*, 148 Ind. 625, 39 L. R. A. 384. It was there said:

"Now let us inquire whether the appellee could have effected anything in the way of the protection of her inchoate interest if she had been made a party. . . . But suppose she is made a party in such a case where a sale is to take place, what can she do? The partition statute then and still in force practically answers the question. It provides that 'the moneys arising from such sale, after payment of just costs and expenses, shall be paid by such commissioner to the persons entitled thereto, according to their respective shares.' (2 Gavin & H. Stat., p. 365, § 23.) We have seen that the wife of a cotenant has no share in the lands of her husband while he lives. Therefore no money can be paid to her on such a sale, even if she be made a party, unless there is some other statute or law that modifies or radically changes this statute by expanding its provisions so as to require the payment of only a part of the pro-

Hazelbaker v. Reber.

portion of the proceeds of the sale due to the cotenant, according to his share of the real estate, who has a wife, and requiring the balance to be paid to her. We know of no such statute. On the contrary, the only law that confers on her the interest she holds in her husband's real estate is the section of the statute first above quoted. By it all her rights in her husband's real estate of which he was seized at any time during the marriage, and in the conveyance of which she did not join, is created and conferred; and by it her rights therein must be measured and limited; and by it no right in such real estate can ever become consummate or vested in her so to enjoy, possess, or control it unless she becomes his surviving widow. If, therefore, any portion of it is ever handed over and delivered to her to enjoy and possess before the happening of that event, it must be by virtue of judge-made law. And it is universally agreed that judge-made law is bad law, not because such law may not be just, but because under our system of jurisprudence and by the constitution all law-making power has been carefully withheld from the courts, and exclusively vested in the legislature. . . . If the courts undertake to hand over to the wife a portion of the husband's share of the proceeds of a partition sale, it may result in giving her a part of her husband's real estate to own and control, though the event never happens upon which her right to do so is, by the statute, expressly made to depend, namely, to become his surviving widow. Either of two contingencies may happen by which she may never become his surviving widow. One is, she may die first; and the other is that the marriage may be dissolved by a divorce. And yet, if any portion of the husband's share of the proceeds of a partition sale were given her by the court, she would be possessing and controlling it in violation of the statute that creates, measures, and limits her rights in her husband's real estate. . . . But there is another reason why the right to partition by sale is paramount to the inchoate right of the wife of a cotenant, and that is, the cotenant's title is an actual present existing estate in the real property, whereas the inchoate right of the wife therein is only the possibility of such an estate accruing to the wife, dependent upon uncertain future events which may never happen." (pp. 639, 640, 642, 644.)

In *Greiner v. Klein*, 28 Mich. 12, the majority view was that a sale under a decree in partition proceedings to which a married woman was not a party did not bar her right of dower. Against this holding Mr. Justice Campbell wrote a dissent "so conclusive and unanswerable," according to the view of the supreme court of Indiana, "as to greatly weaken, if not destroy, the force of the prevailing opinion as authority outside the state of Michigan." (*Haggerty v. Wagner*, supra.)

Aided by the foregoing considerations, two obvious propositions of law convince us that spouses of living tenants in common are not necessary parties to proceedings in partition: (1) The inchoate right of the spouse of a cotenant of realty is dependent upon the

right of the cotenant, and the cotenant's right is subordinate to the paramount right of any and all concerned in the property to subject it to proceedings in partition; and (2) there is not a single thing that the spouse could plead, say or do, if made a party, which would halt or impede the paramount right of the other tenants in common or parties holding legal or equitable claims thereto to have the partition proceedings prosecuted to a finality as the statute directs. Nor would the presence or absence of the spouses as parties to the action alter, modify or affect in the slightest degree the nature of the judgment to be entered, nor the incidents and consequences pertaining thereto.

A careful examination of the issues involved in *Tidball v. Schmeltz,* 77 Kan. 440, 94 Pac. 794, and *Towle v. Towle,* 81 Kan. 675, 107 Pac. 228, reveals nothing at variance with this conclusion.

Would the rule be otherwise if the real estate were the homestead of one of the tenants in common? Just what could the spouse of the tenant in common holding a homestead interest in the property do which would or could affect the right of the other cotenants or any one of them to have the property partitioned? Nothing. The existence of a homestead interest in one of the cotenants may altogether prevent, for a time, any partition *in invitum* (*Breen v. Breen,* 102 Kan. 766, 173 Pac. 2; *Campbell v. Durant,* 110 Kan. 30, 202 Pac. 841) ; but where the right to partition is absolute, the fact that one of the cotenants occupies the property as a homestead is of no consequence and calls for no different rule of law touching necessary parties than the one just announced. (*Jehu v. Jehu,* 110 Kan. 210, 203 Pac. 712, and citations; *Overlander v. Overlander,* 115 Kan. 478, 223 Pac. 304, and citations.)

It follows that the judgment should be reversed and the cause remanded with instructions to strike out the third paragraph of defendants' answer or sustain a demurrer thereto.

It is so ordered.