231 S.W.2d 39 (1950)
WILSON et al.
v.
BATES et al.
Court of Appeals of Kentucky.
June 13, 1950.
Terry L. Hatchett, George J. Ellis, Jr., Frank W. Jones, all of Glasgow, for appellants.
G. D. Milliken, Jr., Bowling Green, Cass R. Walden, Edmonton, Paul Carter, Tompkinsville, for appellees.
HELM, Justice.
On June 22, 1947, Dr. J. C. Bates and his wife, Ethel P. Bates, of Tompkinsville, were shot and killed by their son, Robert J. Bates. Robert J. Bates was charged in separate indictments with the crime of wilful *40 murder of his father, Dr. J. C. Bates, and of his mother, Ethel P. Bates. On December 15, 1947, Robert J. Bates plead guilty to the crime of wilful murder of his father, and to the crime of wilful murder of his mother. A jury found him guilty on each plea and fixed his punishment at life imprisonment on each of the charges. He was sentenced to life imprisonment on each of the charges and is now confined in the state reformatory serving these sentences.
Dr. J. C. Bates and his wife, Ethel P. Bates, were joint owners of a house and lot in Tompkinsville, worth about $15,000, and were also the owners of personal property valued at about $5,000. By a will of August 4, 1945, Dr. Bates left $250 to his son, appellee John C. Bates, and $250 to his son Robert J. Bates. The residue of his estate he devised to his wife, Ethel P. Bates.
Ethel P. Bates died intestate. It is not established as to which died first. They were both shot and killed at the same time. For the purposes of this record that seems to be immaterial, as their only surviving children were John C. Bates, and their son Robert J. Bates, by whom they were killed.
Shortly after killing his parents, Robert J. Bates employed appellants, Cecil C. Wilson and Phillip Wilson, to defend him on the two charges of murder. On June 30, 1947 he executed and delivered to them a note in the amount of $4,000 for their fee, and to secure the note he "mortgaged, sold and conveyed" to Cecil C. Wilson and Phillip Wilson real estate in Monroe County "more particularly described as follows, towit: My undivided one-half interest in the described tract or parcel of land." The tract described is the house and lot owned by his parents at the time of their murder.
This action was filed by John C. Bates setting out the above facts, and pleading that in June 1947, and after the murder of Dr. J. C. Bates and his wife, Ethel P. Bates, Robert J. Bates employed the appellants, Cecil C. and Phillip Wilson, as counsel to represent and defend him on the two charges of wilful murder, and at the same time executed and delivered to them the above-mentioned mortgage. Appellants answered admitting the execution of the mortgage and their representation of Robert J. Bates, and plead that "any forfeiture of his interest in the estate of his father, Dr. J. C. Bates, and his mother, Ethel P. Bates, became effective upon his conviction for felony in taking the life of said J. C. Bates and Ethel P. Bates, towit, on the 15th day of December, 1947; if in fact any such forfeiture became effective at all."
By amended answer and cross-petition appellants plead that KRS 381.280 is contrary to the provision of the Constitution of Kentucky and to the Constitution of the United States; that Robert J. Bates executed the mortgage in good faith and upon valid consideration, and at a time when his ownership of a one-half interest in the property covered by the mortgage was unquestioned. The trial court overruled appellants' demurrer to the petition, and sustained the demurrer to their answer and cross-petition as amended. Appellants declining to plead further, their answer and cross-petition was dismissed. They appeal, assigning as errors: (1) That KRS 381.280, Chapter 97, Acts of 1940, is unconstitutional; that it violates sections 51 and 59 (8) of the Constitution of Kentucky; and (2) assuming that KRS 381.280 is constitutional, it does not render appellants' mortgage void because the described property vested in Robert J. Bates upon the death of his parents, and the forfeiture did not become effective until his conviction on December 15, 1947.
Chapter 97, Acts of 1940, now KRS 381.280, is as follows:
"Chapter 97. (H. B. 99)
"An Act providing that any husband, wife, heir-at-law, beneficiary under a will, or beneficiary under an insurance policy forfeits right to inherit or receive property from person he or she kills and is convicted therefor.
"Be it enacted by the General Assembly of the Commonwealth of Kentucky:
"That if the husband, wife, heir-at-law, beneficiary under a will, joint tenant with the right of survivorship or the beneficiary under any insurance policy shall have taken the life of the decedent and be convicted therefor of a crime which is a felony, the person so convicted forfeits all interest in *41 and to the property of the decedent, including any interest he would receive as surviving joint tenant, and the property interest so forfeited descends to the decedent's other heirs-at-law, unless otherwise disposed of by the decedent.
"Approved March 18, 1940."
Appellants concede that "the General Assembly has power to enact legislation forbidding a murderer from inheriting from the person whom he has murdered," but urges that the above act violates sections 51 and 59(8) of our Kentucky Constitution. The General Assembly is empowered to enact any legislation not forbidden by the Constitution of the United States or the Commonwealth of Kentucky. The courts are reluctant to declare acts unconstitutional, and any doubt regarding the constitutionality of a statute must be resolved in favor of its constitutionality. KRS 381.280 was new legislation, complete in itself, without reference to other laws. It did not amend or purport to amend any prior legislation.
In Board of Penitentiary Com'rs v. Spencer, 159 Ky. 255, 166 S.W. 1017, 1022, we said:
"The effect of the decisions, when considered as a whole, is:

* * * * * *
"That when the act does not purport to be an amendment to an existing law, but a new act, it is not necessary to set out or republish any part of any old law that may be changed or repealed by the new law."
KRS 381.280 applies to and operates uniformly upon all husbands, wives, heirs-at-law, beneficiaries under a will, joint tenants with a right of survivorship, and beneficiaries under any life insurance policy who shall have taken the life of a decedent and are convicted therefor of a felony. It applies uniformly to all members of the classes named throughout the state and is general legislation, not special or local. In Manning v. Sims, 308 Ky. 587, 213 S.W.2d 577, 586, 5 A.L.R.2d 1154, it was said: "* * * Legislation which applies to and operates uniformly upon all members of any class of persons requiring legislation peculiar to themselves in the matter covered by the legislation is general and not special or local."
Appellants maintain that the one-half interest in the property of Robert J. Bates' parents vested in him at the time of their death and continued in him until his conviction. The title to the above act, Chapter 97, provides that "any * * * heir-at-law, beneficiary under a will, * * * forfeits right to inherit or receive property from person he or she kills and is convicted therefor."
Kansas has a statute similar to our statute. In Hamblin v. Marchant, 103 Kan. 508, 175 P. 678, 679, 6 A.L.R. 1403, it is said: "* * * Whether the person to whom the property would ordinarily go took the owner's life is a question that must be judicially determined by a court of competent jurisdiction. The Legislature has seen fit to say that that fact must be ascertained in a criminal prosecution in which the person who would take the property is charged with killing the owner. When that fact is ascertained, the property is not then taken from the person who would inherit, but it is then determined that the person never did inherit, and never did acquire any interest in the property. * * *"
In the Hamblin case it was also held that the Kansas statute did not violate the Constitution of Kansas or the Fourteenth Amendment of the Constitution of the United States. In support of this position the court cited Perry v. Strawbridge, 209 Mo. 621, 108 S.W. 641, 16 L.R.A.,N.S., 244, 123 Am.St.Rep. 510, 14 Ann.Cas. 92.
The acts of Robert J. Bates in shooting his parents resulted in their death. It is not shown which died first, but by those acts he forfeited any right to inherit from either of them. His conviction was merely a judicial determination that he forfeited his right to inherit from either of them by the acts of killing them. The acts of killing them took place immediately before they died so that he forfeited his right to inherit from them immediately before they died. It follows that no part of their estate was vested in him by reason of their *42 death. That being true, his attempt to mortgage a one-half interest in their property to appellants was without effect.
The judgment is affirmed on both the appeal and the cross-appeal.