No. 25,018.

RUFUS M. OVERLANDER, *Appellee,* v. (JESSE L. OVERLANDER) JOHN E. OVERLANDER et al., *Appellants.*

SYLLABUS BY THE COURT.

1. PARTITION—*Land Devised to Children—Life Estate in Widow—Children Entitled to Partition During Lifetime of Widow.* Land devised to the children of the testator is not prevented from being partitioned during the lifetime of his widow by the fact that under the terms of the will if the income from other land, a life estate in which was left to her, proves insufficient to pay the expenses of her last sickness and funeral, the executor is required to pay them.

2. SAME—*Tenants in Common—Evidence—Findings.* A finding that all the parties to the action were in possession as tenants in common of the land sought to be partitioned is held to have been supported by the evidence.

3. SAME—*Adjustment of Taxes.* Upon an issue between two of the parties upon a claim for the payment of taxes it is held that even if the matter is before us the decision of the trial court must stand.

Appeal from Doniphan district court; COLONEL W. RYAN, judge. Opinion filed February 9, 1924. Affirmed.

*Jacob A. Overlander,* of New York City, N. Y., for the appellants; *T. F. Garver,* of Topeka, *Albert L. Perry,* of Troy, and *Andrew O. Delaney, jr.,* of Leona, of counsel.

*Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Rufus B. Overlander died testate January 15, 1919, owning a farm of 200 acres in Doniphan county and other land. By his will, which was duly probated, he devised this farm to his five sons, Rufus M., Jesse L., John E., Charles L. and Jacob A. Overlander. April 26, 1922, Rufus M. Overlander brought this action for its partition, making his four brothers defendants. Judgment was rendered in accordance with the petition and John E., Charles L. and Jacob A. Overlander appeal.

1. The testator's widow had consented in writing to the will and elected to take under it. It gave her $500 and a life estate in a quarter section of land and a residence in Hiawatha, "with the full enjoyment of the use, rents and profits of the said real estate during the period of her natural life," the remainder going to his five

sons.  It also contained this provision: "I further desire and direct
that if the accumulations from such rents and profits during the life-
time of my said wife be not sufficient to pay the expenses of her
last sickness, and funeral expenses, that the same be paid by my
said executor."

The appellants contend that the present action will not lie be-
cause there is a possibility that the land sought to be partitioned
may be resorted to for the payment of the expenses of the last sick-
ness and funeral of the widow.  That presents no obstacle to par-
tition.  Of the situation presented where partition is sought of
property which may prove to be chargeable with claims the amount
of which cannot be determined until the settlement of an estate
it is said:

"If partition can be maintained in either of these cases [where all or a
part of the cotenants hold by descent or devise], it is clearly subject to the
contingency of the destruction or impairment of the purchaser's title if the
property is found to be required to satisfy the decedent's debts or the ex-
penses of administration.  Furthermore, any court assuming jurisdiction of
the proceeding for partition must undertake to determine to whom the estate
of the decedent has passed either by inheritance or devise, and this is a ques-
tion jurisdiction over which is confided in some of the states only to the court
having jurisdiction of his estate, and is not to be exercised until that estate
is fully settled, and the time has expired within which a contest of his will
may be made.  It must be confessed that these considerations have not been
sufficiently potent, in most of the states, to overcome what is often spoken of
as the absolute right of a cotenant to partition.  In a few states the settle-
ment of the estate of the decedent seems to be a condition precedent to its
partition, while in others the application for partition can only be made
within a time specified after the death of the decedent or after the grant of
letters testamentary or of administration.  In several others, while it cannot
be said that the pendency of administration and the possibility of the prop-
erty being required to pay the debts of the decedent constitute a bar to par-
tition, still the right is not so absolute that the court may not delay its final
action, or take other proceedings necessary to safeguard the rights of parties
or of purchasers."  (30 Cyc. 198.)

In the supplements to the work quoted from many additional
cases are cited in support of the general view, which has been thus
stated:

"The fact that such real estate may be subject to sale for the payment of
debts does not defeat or affect the rights of the heirs as tenants in common
to maintain partition at any time before such condition arises, and if in this
case the real estate involved may become liable to sale or rent to make the
assets for the payment of debts, either of Martha J. Maynard or Jacob May-
nard, such fact does not affect the rights of the heirs to partition, of course,

subject to the right of sale for the payment of debts as aforesaid," citing many cases. (*Hancock, Trustee, v. Maynard,* 72 Ind. App. 661.)

This doctrine has been repeatedly announced by this court:

"Immediately upon the death of the ancestor title to his real estate descends to his heirs, subject only to appropriation for the payment of debts. . . . They are entitled to possession, and may require partition at once. Letters of administration may not be taken out for a long period of time, or not at all. Much time may elapse before claims are presented or established, or before it may be known that the personal assets are insufficient. During such periods they are entitled to the separate enjoyment of their several portions of the estate, and may proceed to enforce their rights unless some special state of facts should make it unjust or improper that they should do so. General creditors are not proper parties to partition proceedings at all, and the administrator should not be joined unless under exceptional circumstances. . . . If after partition the administrator should require the land or some portion of it for the payment of debts, it may then be sold. . . . Therefore it was not necessary that the heirs as a condition of recovery should either plead or prove that the decedent's estate had been settled, or that no debts existed for the payment of which the land might afterward be appropriated." (*O'Keefe v. Behrens,* 73 Kan. 469, 479, 480, 85 Pac. 555.)

"If, however, the real estate should be partitioned and afterward it be found that the personal assets were not sufficient to pay all claims against the estate, then the real estate or a portion thereof could be sold to satisfy such claims." (*Sample v. Sample,* 34 Kan. 73, 77, 8 Pac. 248.)

"Cases there may be where partition is wisely deferred until the personal estate is settled, for it may happen that the realty may have to be heavily drawn upon to satisfy the claims against the personal estate. . . . But even in such cases, it is not necessarily error to partition the realty, because it will not be relieved from satisfying the claims against the personal estate on that account." (*Mackey v. Mackey,* 99 Kan. 433, 434-5, 163 Pac. 465.)

2. The appellants undertake to invoke the rule that a tenant in common out of possession cannot maintain partition against a cotenant holding adversely to him without suing also in ejectment. (*Denton v. Fyfe,* 65 Kan. 1, 68 Pac. 1074.) The petition after setting out the condition of the title as already stated alleged possession by all the parties. The answer included a general denial so that a formal issue was raised in that regard. There was no attempt however to plead or prove a possession adverse to the plaintiff. One of the appellants—Jacob A. Overlander—was shown to have been operating the farm for the benefit of the owners. He testified that he did not know what share of the rent he claimed, and later that he claimed one-fifth; that he did not know whether the plaintiff had a one-fifth interest, saying "he has repudiated his

possession" and adding that he had not accepted under the will so far as the witness knew. Asked if he did not know that the plaintiff and Jesse L. Overlander were trying to get the land partitioned under the will he answered: "They have not alleged it under the will that I know of." This testimony brought out the remark by the trial judge: "I do not think you are acting in good faith with the court." The plaintiff testified that he and his cotenants had been and still were in possession of the land; that Jacob A. Overlander had at one time sent him a lease to sign, but the tenant left before that could be done; that no claim of possession adverse to him had ever been made; that he had received rent for the land in 1920 and paid taxes in 1919 and 1920; that he sent a check for taxes for 1922 to Jacob A. Overlander, a letter in acknowledgment of which was produced. The plaintiff's title under the will was shown and was not controverted. This title showed sufficient possession to maintain the action in the absence of proof of an adverse holding. (20 R. C. L. 730.) The trial court made a specific finding, which was justified by the evidence referred to, that all the parties were in possession as tenants in common.

3. Appellant Jacob A. Overlander complains also of the refusal to allow a claim on his part against Jesse L. Overlander for taxes paid on his account. The notice of appeal in this case was addressed only to the clerk of the district court and to the attorneys of the plaintiff. A copy of it was sent to Jesse L. Overlander at his residence in Nebraska by mail. This advised the recipient of an appeal having been taken against the plaintiff but is hardly sufficient to bring up for review rulings affecting a controversy between him and the appellant. However, there was no such conclusive evidence as to the condition of the account between these two brothers as to warrant a reversal if the matter were properly before us.

The judgment is affirmed.