No. 25,861.

RUFUS M. OVERLANDER, *Appellee*, v. (JESSE L. OVERLANDER) JOHN
E. OVERLANDER et al., *Appellants*.

### SYLLABUS BY THE COURT.

PARTITION—*Tenants in Common—Reimbursement for Taxes—Questions Con-
cluded on Former Adjudication.* A decision denying a claim in a partition
suit for reimbursement by one tenant in common for taxes paid for the
benefit of all is affirmed on the ground that the matter had in part been
already adjudicated, and that the court must presume the judgment of the
trial court to have been warranted by facts established at the former hear-
ing, there being nothing in the record to prove the contrary.

Appeal from Doniphan district court; C. W. RYAN, judge. Opinion filed
April 11, 1925. Affirmed.

*Jacob A. Overlander,* of New York City, N. Y., for the appellants.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt,* and *Arthur S. Brewster,*
all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: In a partition suit an appeal was taken by one of the
defendants, Jacob A. Overlander (two others joining with him),
from the judgment determining the respective interests of the par-
ties in the property, the decision of the trial court being affirmed.
(*Overlander v. Overlander,* 115 Kan. 478, 223 Pac. 304.) Later, a
division in kind being found impracticable, the land was appraised
and sold. Jacob A. Overlander filed a motion asking that he be
reimbursed, out of the plaintiff's share of the proceeds, for the plain-
tiff's proportion of taxes which he had paid with respect to the en-
tire property. The motion was overruled, and from that order this
appeal is taken.

Prior to the decision previously appealed from, Jacob A. Over-
lander, who will be referred to as the appellant, filed a similar mo-
tion. The trial court overruled it, finding that, for anything the ap-
pellant had shown, the money he had paid for taxes might have
come out of rents collected by him, and finding further that he had
in his possession from such rents "an amount far in excess" of his
claim for reimbursement for taxes paid. The plaintiff relies upon
that ruling, with which this court refused to interfere on appeal, as
a final adjudication against the appellant of the contention he now
makes.

The appellant argues that the matter is not *res judicata*, because the issue had not been raised by the pleadings, inasmuch as no answer or other denial of the allegations of his motion had been filed. The motion not being itself a formal pleading, no written response to it was essential. The question it presented, having been heard upon the merits and the decision of the trial court having been affirmed on appeal, was thereafter no longer open, notwithstanding the informal manner in which the inquiry was conducted. (34 C. J. 764, Note 50; *Shattuck v. Wolf,* 72 Kan. 366, 371, 83 Pac. 1093.)

The appellant further urges, however, that in his motion, the overruling of which is now appealed from, he set up other payments of taxes additional to and later than those relied upon in his first motion, and that as to these payments there had been no prior adjudication. In the hearing upon the second motion the facts brought to the knowledge of the court by evidence given at the hearing of the first one did not require to be again established. If necessary to sustain the present judgment, we must presume that the court denied the appellant's application for reimbursement because the sum he had been shown to have received from the rent of the land was large enough to take care of all the tax payments, including those made since the first appeal.

The judgment is affirmed.