No. 31,872

SARAH E. BARNES et al., *Appellees,* v. H. A. BARNES et al., *Appellants.*

(38 P. 2d 93)

Opinion filed December 8, 1934.

*Russell L. Hazzard,* of Dodge City, and *H. E. Crosswhite,* of Greensburg, for the appellants.

*O. G. Underwood* and *Leon L. Askren,* both of Greensburg, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment overruling a demurrer to a petition in an action for partition of real estate.

It appears that on May 5, 1933, one Burgess Barnes died intestate, seized of 720 acres of land in Gray and Kiowa counties. He left a widow, five sons, three daughters, and twelve grandchildren who were the issue of several deceased sons and daughters and one of whom is a minor whose interest is thus pleaded:

"Harold Barnes, a minor, a grandson, an undivided one-one-hundred-fortieth interest therein (1/140)."

The widow and two of her sons and one daughter join in the petition as plaintiffs and all the other heirs are impleaded as defendants, as are also the administrators, and certain corporations which may have claims against the estate.

The petition contained all the usual allegations, and prayed for allotment in kind or for sale of the property and division of the proceeds.

A demurrer to this petition was filed by certain of the defendants on the ground that it did not state a cause of action—the particular point being that the petition did not allege that the interest of the minor, Harold Barnes, would be promoted to have his individual portion set apart or sold in this action.

This demurrer was overruled and the propriety of that ruling is brought here for review.

While it is true that where a proposed sale or disposition of a minor's real estate is the matter of primary concern it must be shown that his interest will be promoted thereby, and competent judicial sanction must be given thereto (R. S. 38-211), that rule of law does not limit the rights of tenants in common to have their property partitioned under the statute governing such proceedings. (R. S. 60-2101 *et seq.*) To hold otherwise might indefinitely postpone or altogether prevent partition. In this very case where the heirs of Burgess Barnes already include a dozen grandchildren who have attained their majority, if they continue to obey the Biblical admonition to be fruitful and multiply as they have hitherto done, there is not the remotest chance that this prolific family will be wanting in minor heirs at any time within the next millennium. In *Kromer v. Friday,* 10 Wash. 621, 641, 32 L. R. A. 671, in which, among other matters, partition was sought, and interests of minors were concerned, it was said:

" 'In America, the rule of the common law that infancy does not suspend the right of the adult cotenants to enforce a partition is believed to be of universal obligation. This rule has been held to be applicable to a sale of the property

when a division was impracticable. The right of the adults to have the possession of their property, and to have their wishes in the premises gratified, is to be respected equally with the interests of the infants. It would be monstrous to hold that adult part owners should be kept out of the enjoyment of their property merely because the other part owners were infants, and the interests of such infants did not require the property to be sold.' (Freeman on Cotenancy & Partition, 2d ed., § 467.)"

The industry of counsel has unearthed certain Illinois cases which seem to support their contention. (*Miller v. Lanning*, 211 Ill. 620; *Tanner v. Tanner*, 326 Ill. 302.) Doubtless these and other Illinois decisions correctly declare the law of that state; but in Kansas whatever limitations there may be on the right of a tenant in common to maintain partition of property so that he may enjoy his interest in severalty must be found in our statutes. (*Jehu v. Jehu*, 110 Kan. 210, 203 Pac. 712; *Overlander v. Overlander*, 115 Kan. 478, 223 Pac. 304; *Hazelbaker v. Reber*, 123 Kan. 131, 136, 254 Pac. 407.) In the case of *Kinkead v. Maxwell*, 75 Kan. 50, 88 Pac. 523, minors were concerned in the proposed partition, yet it neither occurred to court nor counsel that that fact could affect the right of one adult tenant in common to have partition under the rule as there stated:

"Every owner of real estate has the right to hold and enjoy it free from the inconveniences and embarrassments incident to joint use and occupation. It is a generally recognized rule of law that the owner in fee of an undivided interest in real property is entitled to partition, as a matter of right." (p. 53.)

Such is the general rule in this country. (Freeman on Cotenancy, 2d ed., § 467; Knapp on Partition, 39, 45, 120; 5 Pomeroy's Equity Jurisprudence, 2d ed., § 2136; 47 C. J. 290, 383.)

The judgment is affirmed.