FRANKLIN E. NEUMANN *v.* CAROLINE R. NEUMANN

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 10—decided November 14, 1947

*John Keogh, Jr.,* with whom, on the brief, was *William O. Keene,* for the appellant (defendant).

*David R. Lessler,* for the appellee (plaintiff).

Ells, J.  A wife, while living happily with her husband, transferred to him an undivided one-half interest in certain real estate in consideration of love and affection.  She subsequently built a dwelling house on the land.  In the course of its construction she was obliged to borrow $3500 to complete the building, and she executed, individually, a mortgage of the premises.  Thereafter friction developed between the parties, they separated, she instituted divorce proceedings, and he brought this action for a partition or sale of the property.  General Statutes §§ 5922, 5927, 5929.  Among the important conclusions reached by the court are these:  The plaintiff owned an undivided one-half interest in the entire premises, including the house, and his interest was not subject to the mortgage; the property does

not lend itself to a partition; and a sale and division of the proceeds will better promote the interests of the parties. A committee was appointed to make the sale and pay the money into court. The defendant has appealed.

The action seeks a division of the property or a sale. If the court orders a division, such a partition should take account of the equitable interests of the parties. *Kelley* v. *Madden*, 40 Conn. 274, 280. When the case was tried, the parties could not know that the court would order a sale and not a division, and they necessarily offered proper evidence bearing on such equitable interests. The court did, however, order a sale. The only issues on an appeal from that judgment are such as pertain to the exercise of the power to direct the sale. Equities between the parties not involved in that judgment are to be determined by a supplemental judgment after the land has been sold and the proceeds paid into court. § 5929. In view of the nature of the premises involved in this action, a determination as to the ownership of the house would be a consideration which would enter into the question whether a division of the property was practicable. It would be an issue proper to determine on this appeal. The obligation created by the mortgage would be an issue in the supplementary proceedings but not in this appeal.

No correction in the finding material to the issues before us can be made. The court has found that the defendant of her own volition and without previously consulting her husband began the construction of the house; that there never was any agreement that the building was to belong to the defendant; and that the plaintiff at no time agreed to reimburse the defendant for any moneys ex-

pended in the construction of the house. Where one spouse puts up a building on land owned in common by husband and wife, without any understanding or agreement that the other shall share the expense, the presumption that it was for the joint benefit of both must prevail. *Seidel* v. *Seidel,* 110 Conn. 651, 657, 149 A. 394. Earlier cases are to the same effect, although they have distinguishing factors. *Baldwin* v. *Breed,* 16 Conn. 60, 68; *Husted's Appeal,* 34 Conn. 488, 495; *Brady* v. *Brady,* 86 Conn. 199, 207, 84 A. 925; *Rayhol Co.* v. *Holland,* 110 Conn. 516, 522, 148 A. 358.

There is a further finding that the plaintiff, who was in the armed forces at the time the defendant began to erect the house, came home on various furloughs, learned of the construction of the house and not only did not disapprove but was pleased and satisfied. The naked fact that he consented to her act does not allow an inference that either party contemplated that the house should be the separate property of the defendant. *Baldwin* v. *Breed,* supra.

In a partition suit, the division of the land or proceeds may be based upon equitable interests. *Kelley* v. *Madden,* supra. The defendant claims that the court must give relief against the alleged unconscionable enrichment of the plaintiff. This is not a case in which improvements have been made through mistake upon land by one not the true owner, where we have held that the courts, in the exercise of their equitable jurisdiction, have power to grant relief. *Schleicher* v. *Schleicher,* 120 Conn. 528, 531, 182 A. 162; see also *Blasig* v. *Blasig,* 123 Conn. 686, 195 A. 195; *Beach* v. *Osborne,* 74 Conn. 405, 410, 50 A. 1019. The money spent in the building of the house was that of a rightful owner of an

interest in the land, and there was no mistake as to that ownership; nor are there other circumstances involved which should appeal to the conscience of a court of equity to lead it to intervene, that injustice may not be done by the application of the rules of law. *Ward* v. *Ives,* 91 Conn. 12, 22, 98 A. 337; *Baldwin* v. *Breed,* supra.

The defendant contends that the court should have ordered a physical division of the land instead of a sale and a division of the proceeds. The court found that the property consisted of about fifteen acres of land almost equally divided between rolling ground and upland; that it is roughly "L" shaped, the end of one arm of the "L" abutting a highway and the other arm surrounded by property of other owners; and that the house constructed by the defendant and a barn already on the premises are situated on the portion of the land which abuts the highway. It concluded that the property did not lend itself to a partition and that a sale and division of the proceeds would better promote the interests of the parties. The finding reasonably supports the conclusion, especially in view of the decision that the house goes with the land.

Error is assigned in a ruling on evidence. It relates to the mortgage, which, as we have said, is not an issue in this appeal.

There is no error.

In this opinion the other judges concurred.