[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By an order filed on March 11, 1990, this court appointed Attorney Robert Harrington as receiver of the partnership at issue in this partition action as to the business partnership known as W W Realty Company and as committee in the partition of premises known as 192-194 Winthrop Avenue, an additional property owned jointly by the parties hereto. Issues not specifically decided by the court in the memorandum of decision of March 7, 1990, were reserved and tried together following receipt of Attorney CT Page 9177 Harrington's reports.
I. Assets of W W Realty Company
On the basis of the evidence adduced at trial, the court finds that the assets of this partnership at the time of trial consisted of the following:
 — A multi-family house known as 227 Edgewood Avenue, New Haven, with an appraised value of $130,000.00 — Cash in a bank account 66.35 — Receivable outstanding loan to Williams 3,500.00 — Receivable outstanding loan to Warren 5,000.00 ----------- TOTAL ASSETS $138,566.35
The evidence presented by the accountant for the partnership indicated that the partnership had the following liabilities at the time of trial:
 — Mortgage as to 227 Edgewood Avenue $43,496.37 — Installment Loan 7,444.35 — Accounts payable for clerical work Ms. Ventriglia 1,887.52 — Cash advances and expenses reimbursable to Williams 18,376.92 ---------- TOTAL LIABILITIES $71,205.16
The defendant contested the partnership's indebtedness for clerical assistance by Marilyn Ventriglia, who is also employed as a secretary by the plaintiff. The accountant for the partnership credibly testified that Ms. Ventriglia had expended many hours distinct and separate from her work for Williams in order to provide itemizations and other information necessary for the preparation of tax returns for the partnership. There is no reason for one partner to absorb this expense merely because the person who rendered the services to the partnership was also employed by him to perform services unrelated to the partnership.
The court has deducted from the amount claimed to be reimbursements due to Williams those items which the accountant found were unsupported by documentation relating to the expense to partnership activities. The court has also disallowed two items which Warren established had already been paid by him as deductions from the proceeds of a prior sale of another rental property owned by the partnership.
The court rejects the defendant's claim that the plaintiff CT Page 9178 misappropriated the proceeds from a mortgage as to partnership property. A witness from New Haven Savings Bank testified that the contested portion of a mortgage placed on partnership property was used to pay off other mortgages to New Haven Savings Bank already existing on those properties.
Because it is uncontested that the plaintiff and the defendant were equal partners in W W Realty Company, the funds created from the liquidation of partnership assets shall be divided equally between them. The receiver is hereby ordered to sell 227 Edgewood Avenue at auction. Upon completion of the sale, the receiver shall put the proceeds in an interest-bearing account and report to the court concerning the sale price, proceeds of sale, expenses of sale, and all other expenses incurred, including the receiver's fee for his services and the cost of the appraisal of the property. The proceeds of the sale of 227 Edgewood Avenue and the other partnership assets listed above shall be divided evenly between the parties after payment of all of the liabilities set forth above and any such new partnership liabilities as may be incurred between the date of this order and the division of the assets.
The auction shall proceed on such a date and after such advertising as the parties may agree upon, or, in the absence of agreement, as the receiver determines to be reasonable, however the auction shall take place before November 15, 1990.
192-194 Winthrop Avenue
The court has previously found that the above property is jointly owned by the plaintiff and the defendant. The defendant lives in one of the three units and has done 80, without paying rent, since the parties purchased the property on December 15, 1986. The defendant paid the down payment and all closing costs and has paid the installment payments due on the mortgage (on which the plaintiff and defendant are jointly and severally liable) from the rents received on the two units not occupied by him.
The defendant claims that the plaintiff agreed to be an owner in name only and that he further agreed to reconvey the premises back to the defendant after the mortgage had been received, without requiring the defendant to assume the whole obligation for the mortgage. The court does not find this testimony to be credible.
The plaintiff claims that he and the defendant agreed to hold the property jointly and that the defendant would retain all rents up to the total of his initial investment, after which the parties would share equally in expenses and profits from the house. While CT Page 9179 the plaintiff claims that rent for Warren's own apartment was to be figured into this calculation, he offered no evidence tending to support this claim. The parties never established a rental value for Warren's apartment, an obviously necessary step if his use of the apartment were to be figured in.
The court finds that neither proferred version of the agreement is credible and that the truth of the matter is that whatever loose understanding the parties had reached or hoped to reach was never in fact a matter of mutual consent and that their relationship deteriorated shortly after the purchase, leaving them with no actual agreement but only joint record ownership of the property and joint obligations on the mortgage note.
In the absence of an explicit agreement as to contributions to jointly held property and where the co-tenants are spouses, the Connecticut Supreme Court has held that there is a rebuttable presumption that all improvements performed to and all expenses incurred for the benefit of the property were for the joint benefit of both co-tenants. Neumann v. Neumann, 134 Conn. 176,179, 55 A.2d 916 (1917).
Where, as here, the owners are not related by blood or marriage, there is no reason to suppose that they meant to benefit each other. An action for partition is an equitable proceeding pursuant to 52-495 C.G.S., and the division of land or proceeds in such an action may be based upon equitable interests and may reflect the contributions of the parties. Kelley v. Madden,40 Conn. 274, 280 (1873). The plaintiff's only contribution has been his use of a favorable credit rating to obtain the financing which enabled the purchase to be made. While he has remained liable on the mortgage note, he has not in fact been required to make any payments to satisfy the note, nor has he participated in the upkeep of the premises or otherwise taken any action to preserve or increase the value of the premises. The plaintiff has already received fees as compensation for his role as attorney for the buyer in the purchase of the property. The court finds that the plaintiff's equitable share of the proceeds of partition is the sum of $5,000.00, or twenty-five percent of the proceeds upon the sale of the property, whichever is less after deduction of all costs and expenses of the committee and of sale. Having had the benefit of occupancy of the property since its purchase and having had the benefit of the financing, the defendant shall pay the balance due on the mortgage note from his share of the proceeds of sale. In the event that the mortgagee is willing to relieve the plaintiff of his obligation for the mortgage, the partition may be accomplished by the defendant's execution of all documents necessary to achieve that result and his payment to the plaintiff of $5,000.00 in return for a quitclaim deed of the plaintiff's present interest in the property. Unless such measures have been CT Page 9180 completed by December 3, 1990, the committee shall sell the property by auction on December 15, 1990 and shall deposit the proceeds of sale into an interest-bearing account and report to the court concerning the sale price, proceeds of sale, expenses of sale and all other expenses incurred, including the committee's fee for his services and the cost of the appraisal of the property.
A judgment of partition shall enter as to both properties. Judgment shall enter in favor of the plaintiff as to the defendant's cross-complaint.
Beverly J. Hodgson, Judge