[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court as a court trial wherein the plaintiff claims that the plaintiff and the defendant, one Eric S. Andersen, hold property in Greenwich, Connecticut as tenants in common. The plaintiff seeks a partition of the property. The plaintiff is proceeding under 52-500 of the Connecticut General Statutes. The defendant Putnam Trust and defendant Gateway Bank appeared at trial, but since their interest would not be affected by this court's decision, they were excused from trial and no adverse consequences will come about as a result of this court's order. The defendant answered by pleading #112 and counterclaimed by pleading #111. In the defendant's counterclaim, three claims for relief are set forth. Reimbursement and contribution is one. The second is the declaratory judgment. The third is a quiet title claim.
The court listened to the witnesses and reviewed all of the exhibits entered into evidence. The court finds for tile plaintiff on the complaint and finds against the defendant on the counter claim for all the reasons set forth hereinafter.
This case involves a father, and his daughter and his son-in-law. Suffice it to say that the father, the plaintiff, and the son-in-law, of the defendant, jointly owned the property. Their testimony concerning what agreements they had concerning the maintenance of the property after acquisition is conflicting. The CT Page 6040 court finds, after having considered all the evidence, and taking into consideration all the equitable claims made by the defendant that an order of sale of the premises will better promote the interests of the owners. The court is aware of § 52-495 that on a partition of joint property, what is preferred is a partition in kind. Both parties have stipulated that because of the unique nature of this property, it does not lend itself to that kind of an order.
The court appoints Attorney Matthew Pugliese of 15 Belden Avenue, Norwalk, Connecticut 06852-0389 to be the committee to sell the property. The committee shall have all powers of a committee in order to effectuate the sale.
In addition the committee shall select an appraiser to appraise and evaluate the fair market premises in order to give the committee some assistance in determining market value. The appraisal shall be done by a certified appraiser qualified to appraise this mixed use property. The premises sold are as described in exhibit J, the warranty deed. The premises are to be sold on August 27. The sale is to be conducted on the premises. Advertising shall take place on the three Fridays preceding the sale in the Greenwich Times. The committee shall obtain necessary insurance for the day of the sale. A sign shall be erected on the premises by July 16, 1994. The aforesaid sign cost not to exceed $450. Inspection of the premises may take place on the day of the sale. The return of the appraiser to be by July 15, 1994. A deposit to be paid in the amount of 10% of the purchase price by cash, bank, or certified check. Deposit to be forfeited if not closed within 30 days of the court's approval of the sale. The plaintiff is excused from posting a deposit as is the defendant if they are the buyers. Sale subject to any and all liens choate or inchoate which are prior and right to the order of partition by this court.
The committee shall list these premises for sale immediately after the appraisal has been done at the fair market value set by the appraiser. The committee shall attempt to sell the premises prior to the foreclosure sale through a licensed real estate broker. The committee's fees shall not exceed $150 per hour.
Upon the sale the committee shall make due return of his report to this court. The committee shall keep records of his time spent on this sale. CT Page 6041
The preceding orders have been entered after a full trial. All of the net proceeds or sale shall be placed in an escrow account bearing interest to be held by the committee until further order of this court or any court. The committee is to pay off the existing mortgages on the property of all other encumbrances of record in order to give the purchaser free and clear title.
This court retains jurisdiction over the sale as needed.
The court has listened to the arguments of the parties. It is the claim of the defendant that the equities should be determined prior to the sale. The court has reviewed Newman v. Newman,134 Conn. 176 and Hackett v. Hackett, 42 Conn. Sup. 36. The court is of the opinion after reading those cases that the proper procedure is for the sale to take place and for thereafter a hearing to be held to determine the claims concerning contribution, reimbursement, or improvements. In the Hackett case, a hearing after the sale took place. The court held a hearing as to repairs and improvements and set forth in great detail a statement involving the contribution to repairs and improvements and otherwise in determining how much party each should be paid out of the proceeds.
The court finds that although the defendant has documented the work done on the premises the court is not satisfied that the defendant has met his burden of proof by a fair Preponderance of the evidence that he was authorized to do these repairs and work as set forth on all the exhibits relevant to this issue, or that he was in fact working or causing work to be done at fair and reasonable prices. The court considered all of these exhibits in determining the equities of the parties and has found that in balancing the equities the best way to address the problems of the parties was to order the partition action.
It is clear to this court that the plaintiff made it clear at least as early as 1987 that he was putting in no further contributions to the premises. It was incumbent in this court's opinion for the defendant to have sought affirmative action at that point.
This court is of the opinion that the defendant was not unilaterally entitled to just go on with business as usual and expect his partner to be on the hook for the expenses. The court has however has made a limited inquiry concerning this issue and CT Page 6042 this decision is without prejudice to any facts that may be presented at the hearing concerning the division of the net proceeds. The court has found that that information was taken for the purposes of equitable considerations and did not meet the standard of proof set forth in the counterclaim but this is not to deny the defendant the right to present that evidence after the property is sold to determine what expenses and costs and improvements, if any should be reimbursed and what share of the proceeds each shall receive.
The court finds that the defendant has not sustained his burden of proof that a declaratory judgment should enter declaring the legal and equitable interest of the parties in and to said real property. The court finds that the defendant has failed to sustain his burden of proof that the title to the property should be quieted and extinguishing any claims of the plaintiff in and to the real property.
KARAZIN, J.