[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is an action for partition brought pursuant to § 52-495 wherein the petitioners are requesting a partition of real estate which is allegedly owned as tenants in common by the petitioners and the respondent. The property is located on Pinehill Road in the Town of Sterling within the Judicial District of Windham.
The writ alleges that the plaintiffs are Dominic Zacchio CT Page 10497 and "Dominic Zacchio ppa Lenore Zacchio". The defendant is the former wife of Dominic Zacchio and the female biological parent of Lenore Zacchio. While neither the writ nor the complaint indicate the status of Lenore Zacchio as a physically challenged minor child, a companion matter, the dissolution of marriage case between Dominic G. Zacchio and Laura L. Zacchio, (DN 43920 S) which the court judicially notices, reveals that Leonore M. Zacchio was born January 26, 1983. It further has been stated that this child received a considerable sum of money as a result of a law suit alleging that the child was born a paraplegic as a result of drugs the respondent consumed during her pregnancy. No request has been made to have a guardian ad litem appointed in this case.
The evidence received in this case at "Hearing in Damages" assignments on April 21, 1995 and June 9, 1995 indicates that the petitioner Dominic Zacchio is attempting to, post-dissolution of marriage, partition the property, in kind, in such a way as to eliminate the respondent from having any further interest in the real estate owned by the three of them in common and occupied solely by the petitioners.
It is alleged that funds from the minor child's separate estate were used to build the house and that such funds may have exceeded ninety percent of the costs of the house and land. The petitioner Dominic Zacchio claims to have contributed the balance of the funds and maintains that the respondent has made no contribution whatsoever and has left the State of Connecticut, leaving him and the minor child, in effect abandoning her interest in them and the property.
 I.
Neither General Statute § 52-495 nor § 52-500 limits the rights of joint tenants to have their property partitioned when a minor child holds an interest in the land. Neither has this court been able to find Connecticut case law directly in point. The majority rule in other states is that infancy does not suspend the right of an adult cotenant to seek a partition. See Barnes v. Barnes, 38 P.2d 93 (1934) and 96 A.L.R. 1277-82 and 4A Powell on Real Property § 607 and cases cited in those texts. In addition, "[a] minor, when properly represented, may be a plaintiff in a compulsory partition proceeding, in the absence of a statutory prohibition." 59A Am.Jur.2d, Partition, § 43. As earlier noted, the minor child, CT Page 10498 whose contribution to the acquisition and improvements to this property is the greatest, does not have a guardian in these proceedings nor is she independantly [independently] represented by separate counsel.
 II.
In the brief of the petitioners, the request is for a partition in kind and not by sale. The petitioners argue that a partition in kind is favored over a partition by sale in that "a sale of one's property without his consent is an extreme exercise of power warranted only in clear cases."Delfino v. Vealencis, 181 Conn. 533, 536 (1980). The petitioners request that the court determine that the respondent is entitled to nothing and, in essence, request an order conveying the property to the petitioners. They believe this can be accomplished by an order of partition in kind.
Traditionally, a partition in kind involves actually dividing the land with each cotenant holding sole ownership in a divided parcel of land, for example giving each tenant one acre of a two acre tract. 2 American Law of Property § 6.26 p. 113. Connecticut cases involving partition in kind appear to follow this pattern. See e.g., Coxe v. Coxe, 2 Conn. App. 453,456 (1984); Delfino v. Vealencis, supra, 533, 4A Powell on Real Property § 607 [4]. In the present case, the parcel in question appears to be a 2.21 acre house lot with improvements situated thereon. While no evidence was offered from surveyors or zoning-officials, the parcel does not seem to be suitable for physical sub-division into various parcels to be awarded in kind to each cotenant according to their respective interest.
If a physical division of the property is not appropriate, a sale of the property may be ordered and an equitable distribution of the proceeds may be used to adjust each claimants share.
"A partition action is equitable in nature. Gaer Bros., Inc.v. Mott, 147 Conn. 411, 415, 161 A.2d 782 (1960); see Varleyv. Varley, 189 Conn. 490, 497 A.2d (1983); "Our courts of equitable jurisdiction are empowered to order the sale of any estate, real or personal, owned by two or more persons, when, in the opinion of the court, a sale would better promote the interest of the owners. General Statutes 52-500. Ordinarily, CT Page 10499 in a partition by sale, the claims of the parties as to their interests in the property are considered in connection with the distribution of its proceeds. [citations omitted]." GaerBros., Inc. v. Mott, supra. In a partition sale, even where each party may be the owner of an individual one-half interest in the property, it does not necessarily follow that he or she will be entitled to equal shares of the moneys obtained from the sale as the "Equities must be considered and, if established, must be liquidated before distribution is ordered. Rentz v. Eckert, 74 Conn. 11, 16, 49, A. 203 [1901]":Levay v. Levay, 137 Conn. 92, 96, 75 A.2d 400 (1950); SeeVarley v. Varley, supra: Johnson v. Olmsted, 49 Conn. 11, 16
(1882)." Hackett v. Hackett, 42 Conn. Sup. 36, 40 (1991).
This proposition was also stated as, ". . (T)he law undoubtedly contemplates an equitable partition according to real ownership rather than according to a precise legal interest . ." Kelly v. Madden 40 Conn. 274, 280 (1873). This concept is applicable in actions for partition by sale, not as here requested, in an action for partition in kind. Indeed, in this case it would be difficult for the court to conclude that a partition by sale would be in the best interest of the minor child since it is likely that the house was built to accommodate the childs' special needs.
While a partition by sale may at sometime in the future be appropriate, it may also be true that an action for constructive trust may be the more appropriate action to immediately resolve the issues. ". . . [A] constructive trust arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. 76 Am.Jur.2d, Trusts, § 221, p. 446; see Van Auken v.Tyrrell, 130 Conn. 289, 291-92, 33 A.2d 339 [1943]." (Internal quotation marks omitted.) Zack v. Guzauskas, 171 Conn. 98,103, 368 A.2d 193 (1976); see also Brown v. Brown, 190 Conn. 345,349, 460 A.2d 1287 (1983) (constructive trust based upon unjust enrichment). Aetna Life Casualty Co. v. Union TrustCo., 230 Conn. 779, 791 (1994) ___ A.2d ___ See also Filosiv. Hawkins, 1 Conn. App. 634, 639, 474 A.2d 1261 (1984);Cohen v. Cohen, 182 Conn. 193, 203, 438 A.2d 55 (1980); GulackCT Page 10500v. Gulack, 30 Conn. App. 305 (1993) 620 A.2d 181.
Accordingly, the court concludes that a partition in kind is not possible or appropriate given the size of the lot. The court further concludes that a partition by sale is not being sought and may not be in the best interest of the minor child in any event. The court therefore declines to partition the property at this time. If the petitioner Dominic Zacchio wishes to further pursue this or other matters which may impact on the legal or equitable interests of the minor child, the court urges him to request the appointment of a separate guardian for the child.
The Court, Foley, J.