[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
The plaintiff, Dorothy Mitchell, one of three joint owners of property, brings this action for partition against the other two joint owners, Morris Silverstein and Samuel Silverstein. The plaintiff Mitchell moved to cite in two parties, David C. Rappe CT Page 5601 and Howard, Kohn, Sprague and Fitzgerald, which motions were granted by this court. The plaintiff claims that the cited-in party Rappe has an interest in the premises by virtue of an assignment to Rappe of $19,351.72 from her interest in the premises; and that Howard, Kohn, Sprague and Fitzgerald by virtue of a similar assignment for $5,000 from her to that entity. Both assignments are claimed to be recorded on the land records.
The defendant Morris Silverstein moves to dismiss on the basis that the court lacks subject matter jurisdiction as concerns these parties, as neither of them are owners of the property and hold no title to the lands sought to be partitioned. "Standing" is a matter of subject matter jurisdiction. "Standing is the legal right to set judicial machinery in motion." Hence the party seeking to commence, or herein to participate in litigation must have: "A legal right, title or interest in the controversy". State v. Pierson, 208 Conn. 683,687 (1988). Subject matter jurisdiction may be raised at any stage of the proceedings.
General Statutes § 52-495 states "Courts having jurisdiction of actions for equitable relief may, upon the complaint of any person interested, order partition of any real property held in joint tenancy, tenancy in common, coparcenary or by tenants in tail." (Emphasis added.)
Hence, contrary to the position taken by the defendant herein, the fact of lack of "ownership" or "title" is not necessarily determinative of the question of standing.
The court does not reach the question of whether a lien holder whose lien is against the interest of one joint tenant, is able to commence an original action for partition. Other avenues are generally available to accomplish that result, such as foreclosure of a lien and thereafter an action for partition may be commenced against the then resulting joint owner(s) of the property.
The question before the court in this instant action is whether the lien holder can become a party in a commenced partition action which was commenced between the joint tenants.
An action for partition by sale involves a two stage process. First, the sale of the property. and second a judicial CT Page 5602 determination of the division of the proceeds between the joint owners and the holders of encumbrances. See Levaz v. Levaz,137 Conn. 92. (1950); Gaer Bros. Inc. v. Mott, 147 Conn. 411 (1960);Neuman v. Neuman, 134 Conn. 176 (1947); Geib v. McKinney,224 Conn. 219 (1992). See also United States v. Masolowitz,269 F. Sup. 13 (1967). Furthermore, it is alleged partition action to force the sale of the property," thereby indicating that Rappe has more than a casual interest in this partition litigation.
Further, Practice Book § 9-18 and § 9-3 clearly allows, and may compel the joinder of these parties, by virtue of their particular interest in the litigation.
The motion to dismiss, as concerns the defendants Rappe and Howard, Kohn, Sprague and Fitzgerald is denied.
The defendant Rappe has filed a counterclaim against the plaintiff Mitchell seeking to recover an amount greater than the amount of the alleged assignment. It is not clear whether the amount thereby sought is for an additional amount which is beyond the limits of the amount of the proffered lien as set forth in the plaintiff's motion to cite in Rappe, or whether, conversely, Rappe is claiming that the actual lien amount is a greater amount than the amount alleged in the citing-in motion.
If the latter is the case, then the amount of the lien will be determined in the second stage of the partition action. If the former is the case, the counterclaim may be appropriate to join under Practice Book § 10-10. It is difficult to comprehend where the defendant has standing to raise this issue, as the outcome of that counterclaim can have no bearing upon the rights of the defendant, or his interest in the real estate, as that claim is solely directed against the plaintiff Dorothy Mitchell. Whether the counterclaim should be a matter of separate litigation is a matter which is in the purview of the parties tothat claim to address, if they choose to raise that issue.
For the reasons set forth herein, the motion to dismiss is denied.
L. Paul Sullivan, J.